UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY ANNE PARKES,

                                     Plaintiff,

              -against-

SOHO HOUSE & CO. INC.,

                                     Defendant.

24-CV-3821 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Tiffany Anne Parkes, who is proceeding *pro se*, brings this action under Title VII

of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Rehabilitation

Act of 1973; and the Family and Medical Leave Act, alleging that her employer discriminated

against her based on her sex, race, and disability.[1] By order dated May 28, 2024, the Court

granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of

fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff filed this complaint in the United States District Court for the District of
Maryland, and that court transferred the matter here. *See Parkes v. Soho House & Co. Inc.*, 24-
CV-1401 (D. Md. May 16, 2024).

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint. Plaintiff, who currently lives in Maryland and who identifies herself as a "dark-skinned woman," worked for an unspecified period of time at Soho House in New York. (ECF 1 at 6, 12.) In January 2023, Plaintiff was diagnosed with schizoaffective disorder, anxiety, and depression. (*Id.* at 7.) According to Plaintiff, "employees, members, and guests" of Soho House "were seminal as to the development and progression of these diagnoses."[2] (*Id.*)

Plaintiff recounts numerous interactions with individuals at Soho House, and asserts that these incidents show that she was the victim of discrimination. By way of example, Plaintiff alleges:

> During our January 18, 2023 meeting, there was bias present in Julie P.'s (a White HR Manager) questioning and reasoning. We were discussing prior conflicts as well as a scheduling issue and language used during the address of said issue.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Liza C.'s, a White Food and Beverage Manager responsible for scheduling, sent a text message that reads as follows: "Hi Tiffany sorry I have been home sick did I drag something into the schedule by mistake??" When I provided a perfectly logical explanation of the technicalities involved in scheduling and asserted that Liza's usage of language was not literal, Julie stated, "I don't want to make any assumptions." I began explaining that when you are allocating shifts in Paycom, you have to drag them into position; "dragging something" into the schedule by mistake would then mean that I would have an extra shift, not be at a deficit according to what I had been promised. Only then could it be inferred that Liza was indeed speaking literally about my schedule. Additionally, the word something" can be infinitely interpreted and certainly interpreted as elusive and duplicitous. Assumptions were made about the meaning of my text message but caution was exercised in Julie's interpretation of Liza's message, which was a clear sign that Julie was speaking in favor of Liza. Prior to this meeting, I met with Julie on January 9th, 2023 regarding concerns about the Assistant General Manager's hostile conduct and age discrimination as well as labor malpractice. As I entered 55 Water Street to meet with HR, it was obvious that several employees had already been alerted to my arrival. This was odd as I was not scheduled to work until the late afternoon, and I had not told anyone I was arriving so early. I was also subject to retaliatory action following this meeting, which I detailed in a SO-page statement to HR. Julie requested that I provide her with a chronological account.

(*Id.* at 10.)

At some point during her employment at Soho House, Plaintiff took an "involuntary leave of absence," after which she was fired. (*Id.* at 8.) Plaintiff remains "unemployed over a year later," which she attributes to "Soho Houses's extensive social network and an abuse of power." (*Id.*) Although Plaintiff has had job interviews she has not been hired, and she has "assessed" that Soho House has "had a hand in facilitation and outcome of said interview[s]." (*Id.*)

Plaintiff further alleges that there was "collusion" between Soho House and HVAH, a school where Plaintiff worked from 2019 through 2022, before she worked at Soho House. (*Id.* at 13.)

Colors - Employees at both institutions began wearing particular color combinations that corresponded with trends in my IG feed and on individuals' IG pages.

Numbers - Employees at both institutions placed tonal and repetitious emphasis on particular numbers.

Weather- Employees at both institutions (as well as members/guests at DUMBO House) harped on/emphasized weather conditions until different temperatures and seasons became metaphoric/symbolic. In 2019 and 2023 this corresponded with trends in my IG feed.

Mimicry- repetition/mocking of "private" conversations I had on my cell phone, whether via text message or audible speech

Dress Code - Inconsistencies/whimsical changes at both institutions.

Sexual Harassment - Blatant and incredibly disrespectful: Two male employees at HVA, incident at DUMBO House. Never before experienced while working at a "professional" institution.

Collusion: Steven R. at HVAH, Deborah M. at Dumbo House.

As you might agree, it is quite strange that these same behaviors be exhibited at both completely unrelated institutions, HVAH being a charter high school and DUMBO House being a private membership club. I have audio recordings and realtime documentation. Not to mention, I audio recorded during the same shift with different devices and the behaviors of members/guests were wildly different depending on which device I used.

(*Id.* at 13-14.)

Plaintiff seeks money damages and declaratory and injunctive relief, including "unlimited access to every" Soho House facility for her and her "immediate family"; "waived fees for hosting events"; V.I.P. 'Pink' status; "comp'd food and beverages"; and an order

forbidding the corporation and its employees (salaried and hourly) from participating in action/activity that further defames my character and limits my marketability within any profession. At the risk of losing membership eligibility, members should be prohibited from using the networking benefits of Soho House & Co. membership to rob me of my ability to build community/network. There already has been irreparable damage caused.

(*Id.* at 9-10.)

## DISCUSSION

### A.    Short and plaintiff statement of claim

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not comply with Rule 8. The complaint consists largely of conclusory assertions, and the details Plaintiff provides do not provide a factual basis supporting a claim of discrimination. In other words, the complaint does not include a short and plain statement showing that Plaintiff is entitled to relief. The Court grants Plaintiff leave to replead her claims in an amended complaint that complies with Rule 8 and the standards set forth below

**B.      Sex, race, and disability discrimination**

Title VII prohibits an employer from discriminating against an individual because of her race, color, religion, sex or national origin, 42 U.S.C. § 2000e-2(a); and the ADA makes it unlawful for covered employers to discriminate against an otherwise qualified employee on the basis of a disability, 42 U.S.C. § 12112(a). Plaintiff does not allege facts suggesting that she was subjected to adverse employment actions that "give rise to a plausible inference of discrimination" or retaliation in violation of Title VII or the ADA.[3] *Buon v. Spindler*, 65 F.4th 64, 83 (2d Cir. 2023) (citation and quotation marks omitted).

---

[3] Plaintiff also invokes the Rehabilitation Act of 1973, but that statute applies only to entities that receive federal funding, and has no apparent relevance to Plaintiff's claims against Soho House. *See* T.*W. v. New York State Bd. of Law Examiners*, 996 F.3d 87, 94 (2d Cir. 2021).

These statutes prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Protected characteristics include an individual's race, color, religion, sex, national origin, disability, or age. Mistreatment at work that occurs for a reason *other than* an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against [her], and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). A plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* The same pleading framework has been applied to disability-based employment discrimination claims under the ADA. *See Ciulla-Notto v. Xerox Corp.*, No. 16-CV-6362, 2017 WL 491688, at *2 (W.D.N.Y. Feb. 7, 2017) (noting that although *Vega* set forth the pleading standard in the context of Title VII, courts routinely use the same framework to analyze claims under the ADA).

Plaintiff does not allege facts suggesting that Defendants discriminated or retaliated against her based on her race, color, sex, or disability. Beyond identifying herself as being a dark-skinned woman who suffers from schizoaffective disorder, anxiety, and depression, Plaintiff does

not allege any facts in support of her race, color, age, or disability discrimination claims. Plaintiff recounts various interactions she had with Soho House employees, members, and guests that she perceived as being discriminatory; however, these allegations are insufficient to state a claim under the antidiscrimination statutes she cites. In short, Plaintiff does not allege that she was fired, or suffered other adverse employment action, *because* of her protected characteristics. The Court grants Plaintiff leave to file an amended complaint, should she wish to do so, providing facts in support of her claims that Defendants discriminated against her.

## C.    Family and Medical Leave Act ("FMLA")

The FMLA provides that certain eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month period" for any one of several reasons enumerated in the Act. *See* 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* § 2612(a)(1)(C). Generally, plaintiffs may assert two varieties of FMLA claims, interference claims and retaliation claims:

An employee brings an 'interference' claim when the employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. A retaliation claim involves an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and, as a result, being subjected to some adverse employment action by the employer. *Woods v. START Treatment & Recovery Ctrs., Inc.,* 864 F.3d 158, 166 (2d Cir. 2017).

Here, Plaintiff alleges that Defendant placed her on an involuntary leave of absence, but she does not state any facts suggesting that, in so doing, Defendant violated the FMLA. Plaintiff does not allege that she requested leave under the FMLA and that Defendant either denied or interfered with her right to take FMLA leave, or that Defendant retaliated against her when she

sought to take FMLA leave. Plaintiff is granted leave to set forth relevant facts in any amended complaint she files in support of an FMLA claim.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under the statutes to which she refers, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-3821 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[4]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[4] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 26, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                    _____
                                       LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

          -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
             *(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
           to 2000e-17 (race, color, gender, religion, national origin).
           ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a*
           *Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
           621 - 634.
           ***NOTE:***  *In order to bring suit in federal district court under the Age Discrimination in*
           *Employment Act, you must first file a charge with the Equal Employment Opportunity*
           *Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
           12117.
           ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,*
           *you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity*
           *Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
           race, creed, color, national origin, sexual orientation, military status, sex,
           disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
           131 (actual or perceived age, race, creed, color, national origin, gender,
           disability, marital status, partnership status, sexual orientation, alienage,
           citizenship status).

## I.    Parties in this complaint:

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant        Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

Employer  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

## II.    Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____        Failure to hire me.

_____        Termination of my employment.

_____        Failure to promote me.

_____        Failure to accommodate my disability.

_____        Unequal terms and conditions of my employment.

_____        Retaliation.

_____        Other acts *(specify)*: _____.

> **_Note:_**   *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.     It is my best recollection that the alleged discriminatory acts occurred on: _____.

<em>Date(s)</em>

C.     I believe that defendant(s) *(check one)*:

_____        is still committing these acts against me.

_____        is not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐     race   _____          ☐     color   _____

☐     gender/sex   _____          ☐     religion_____

☐     national origin   _____

☐     age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐     disability or perceived disability, _____ *(specify)*

E.     The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> **_Note:_**   *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   **Exhaustion of Federal Administrative Remedies**:

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.     The Equal Employment Opportunity Commission *(check one)*:

_____ has not issued a Notice of Right to Sue letter.

_____ issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

*Note:* *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____ 60 days or more have elapsed.

_____ less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_.

Signature of Plaintiff    _____

Address    _____

_____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____